## IN THE UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

VINCE VAN VU,                          )
                                       )
                    Plaintiff,         )
                                       )
vs.                                    )     NO. CIV-07-1006-D
                                       )
MICHAEL J. ASTRUE, Commissioner,       )
   Social Security Administration,     )
                                       )
                    Defendant.         )

## ORDER

Plaintiff brought this action pursuant to 42 U.S.C. §405(g), seeking judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner") denying the plaintiff's application for disability benefits under Title II of the Social Security Act, 42 U. S. C. §§416(i) and 423.   The matter was referred to United States Magistrate Judge Doyle W. Argo for initial proceedings in accordance with 28 U.S.C. §636 (b)(1)(B), and the Magistrate Judge filed a

Report and Recommendation [Doc. No. 17] in which he recommended that the Commissioner's decision be affirmed.  Because Plaintiff timely objected, the matter is reviewed *de novo*.

This Court's review of the Commissioner's decision is limited, as the Court may not re-weigh the evidence or substitute its judgment for that of the Commissioner; instead, it must determine only if the correct legal standards were applied and if the decision is supported by substantial evidence in the record. *Hamlin v. Barnhart*, 365 F. 3d 1208, 1214 (10th Cir. 2004); *Castellano v. Secretary of Health & Human Servs.*, 26 F. 3d 1027, 1028 (10th Cir. 1994). Substantial evidence is that which a reasonable person might deem adequate to support the ultimate conclusion.

*Castellano*, 26 F. 3d at 1028.  Evidence is not substantial for this purpose if it is "overwhelmed by other evidence in the record or constitutes mere conclusion." *Musgrave v. Sullivan*, 966 F.2d 1371, 1374 (10th Cir. 1992).  In addition to discussing the evidence supporting his decision, the Administrative Law Judge must  also discuss the uncontroverted evidence on which he does not rely and any significantly probative evidence he rejects.  *Haddock v. Apfel*, 196 F. 3d 1084, 1088 (10th Cir. 1999); *Clifton v. Chater*, 79 F. 3d 1007, 1010 (10th Cir. 1996).

The record in this case reflects that Plaintiff claimed a disability based on schizophrenia, panic disorder, agoraphobia, and depression. Following the denial of his application, Plaintiff requested and was granted a hearing before an Administrative Law Judge.   Plaintiff was represented by counsel, and testified at the hearing; additional testimony was presented by a vocational expert and a witness appearing for Plaintiff.

In reaching her decision following the hearing, the Administrative Law Judge applied the required five-step sequential analysis to determine whether Plaintiff is disabled within the meaning of the Social Security Act.  *See* 20 C. F. R.  § 404.1520.  At the initial step, she found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of his disability.  At step two of the analysis, the Administrative Law Judge concluded that the evidence showed Plaintiff did not suffer from any severe impairments prior to the expiration of his insured status; therefore, she concluded that Plaintiff is not qualified for benefits.

Plaintiff argues that the decision should be reversed because it is not supported by substantial evidence in the record.  More specifically, Plaintiff argues that, although he did not have physical impairments necessary to satisfy the definition of a disability, his claim of a mental impairment is supported by evidence in the record.

As the Magistrate Judge discussed in the Report and Recommendation, the Administrative Law Judge concluded that Plaintiff's testimony regarding his mental limitations was not entirely credible and lacked evidentiary support in the record.  Credibility determinations are within the province of the finder of fact, and should not be disturbed if supported by substantial evidence.  *Diaz v. Sec'y of Health and Human Servs.*, 898 F.2d 774,777 (10th Cir. 1990).   However, the Administrative Law Judge must closely and affirmatively link credibility findings to substantial evidence in the record; a conclusory finding is inadequate.  *Kepler v. Chater*, 68 F. 3d 387, 391 (10th Cir. 1995).  As the Magistrate Judge noted, however, a "formalistic factor-by-factor recitation of the evidence" is not required, and the Administrative Law Judge's credibility analysis is sufficient so long as the decision sets forth the specific evidence relied upon in making the determination.  *Qualls v. Apfel*, 206 F. 3d 1368, 1372 (10th Cir. 2000).

As discussed at pages 6 through 7 of the Report and Recommendation, the record in this case reflects that the Administrative Law Judge summarized Plaintiff's testimony with regard to the intensity, persistence and limiting effects of his symptoms.  Transcript, 16-17.  The Administrative Law Judge fully discussed Plaintiff's testimony[1] and compared the same to the evidence in the record by reference to specific medical treatment.  As the Administrative Law Judge noted, the only relevant psychiatric record was a 1993  mental evaluation conducted while Plaintiff was in the United States Navy; that evaluation  led to his discharge, and it showed that he was determined to be unfit for military service.  Transcript at 17, 480-81.  It did not, as the Magistrate Judge noted, discuss his ability to engage in gainful employment as a civilian.

---

[1]*As noted in the Report and Recommendation, contrary to Plaintiff's apparent contention, there is no requirement that the Administrative Law Judge cite specific testimony found to lack credibility; it is sufficient that she generally discusses the evidence and the factors applicable to assessing credibility.  See Qualls, 206 F. 3d at 1372.*

As the Administrative Law Judge noted, the record does not contain evidence to support an evaluation that Plaintiff suffers mental impairments sufficient to render him unable to engage in gainful civilian employment.  The Magistrate Judge noted in the Report and Recommendation that the medical evidence cited by Plaintiff was not improperly disregarded because the medical records on which he relies do not involve the time period on which a claim for disability could be based. As such, they cannot assist Plaintiff in satisfying his claim of disability prior to the expiration of his insured status.  *Miller v. Chater*, 99 F. 3d 972, 975 (10th Cir. 1996).

The Court agrees with the Magistrate Judge that the Administrative Law Judge's assessment of Plaintiff's credibility, including the discussion of Plaintiff's testimony and the evidence in the record, was legally correct and supported by substantial evidence.    The Report and Recommendation [Doc. No. 17] is adopted as though fully set forth herein, and the decision of the Commissioner is AFFIRMED.

IT IS SO ORDERED this  17th   day of February, 2009.

_____
TIMOTHY D. DeGIUSTI
UNITED STATES DISTRICT JUDGE